OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of Ohio
are being transmitted electronically beginning May 27, 1992,
pursuant to a pilot project implemented by Chief Justice Thomas
J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.  Your
comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised to
check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.  The
advance sheets to Ohio St.3d will also contain the volume and
page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

Office of Disciplinary Counsel v. Furtado.
[Cite as Disciplinary Counsel v. Furtado (1994),        Ohio
St.3d        .]
Attorneys at law -- Misconduct -- Two-year suspension with
     reinstatement conditioned on completion of federal probation
     -- Conviction of embezzling government funds.
     (No. 94-536 -- Submitted September 21, 1994 -- Decided
November 23, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 92-59.
     On October 27, 1992, relator, Office of Disciplinary
Counsel, filed a complaint alleging misconduct against
respondent, Lorraine T. Furtado of Columbus, Ohio, Attorney
Registration No. 0034627.  The complaint alleged violations of DR
1-102(A)(1) (conduct involving a violation of a Disciplinary
Rule), (A)(3) (conduct involving moral turpitude), (A)(4)
(conduct involving dishonesty, fraud, deceit or
misrepresentation) and (A)(6) (conduct adversely reflecting on
fitness to practice law).  In a timely answer, respondent
admitted all of the facts underlying the complaint, but denied
any disciplinary violations.
     The violations alleged arose from respondent's use of funds
deposited in a joint checking account that respondent shared with
her father.  For many years, her father's monthly government
railroad pension check was deposited via direct electronic
transfer to the joint account which was maintained at a bank near
their former California home.  Those deposits should have ceased
upon her father's death in March 1986, but instead continued for
approximately the next two years.  Respondent spent the funds
deposited in error by the government.
     Respondent testified at her trial before the United States
District Court for the Southern District of Ohio, Eastern
Division, that she promptly notified the parties involved of her
father's death and was unaware that monthly deposits were still
being made.  On March 25, 1992, respondent was found guilty of
embezzling $17,527.38 in government funds in violation of Section
641, Title 18, U.S. Code.  Respondent was sentenced to three
years' probation with four months' home confinement and ordered

to make full restitution. Her conviction was affirmed on appeal. By September 18, 1992 order of the Supreme Court of Ohio in case No. 92-1483, respondent was indefinitely suspended from the practice of law.

These charges were heard by a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court. Respondent explained that she accepted the finality of her conviction, but wished the panel to know that she never intended to spend government benefits that had been improperly paid. She testified that she had thus far repaid over one half of the amount owed and reiterated her desire to return to the practice of law. Respondent also offered numerous witnesses and many character letters, all attesting to respondent's excellent reputation for competency and integrity.

The panel, upon review of the evidence, concluded that "but for the conviction, her [respondent's] reputation, skill and competence as an attorney made her an asset to the profession." The panel also noted that respondent's misconduct was unrelated to the practice of law. Concerned, however, about reinstating respondent before the expiration of her federal probation, the panel recommended that respondent be given a two-year suspension from the practice of law in Ohio with credit for time served and that reinstatement not be allowed until the end of her federal probation. Contradictorily, a "majority of the panel" also recommended a one-year suspension. The board concurred in the panel's findings, conclusions and recommendation for a two-year suspension with credit for time served, and further recommended that the costs of the proceedings be taxed to respondent.

Geoffrey Stern, Disciplinary Counsel, and Sally Ann Steuk, Assistant Disciplinary Counsel, for relator.
Lewis E. Williams, for respondent.

Per Curiam. We concur in the findings and recommendations of the board. Respondent is hereby suspended from the practice of law in Ohio for two years with credit given for time served. As a condition to reinstatement, respondent must complete her federal probation. Costs taxed to respondent.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.
Wright, J., would also condition respondent's reinstatement upon her full payment of restitution.